903 P.2d 102

In the Interest of S.W., d.o.b. 4/1/89, D.Q., d.o.b. 10/11/85, S.T., d.o.b. 2/11/82, Children Under Eighteen Years of Age.

Doug WOOD and Rosa Quaring, the Natural Parents of S.W., and Rosa Quaring, the Natural Mother of D.Q. and S.T., Appellants–Appellants on Appeal,

v.

STATE of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Respondent–Respondent on Appeal.

No. 21311.

Court of Appeals of Idaho.

June 15, 1995.

Rehearing Denied Aug. 8, 1995.

Petition for Review Denied Oct. 13, 1995.

Child & Fisher, Coeur d'Alene, for appellants. Jeffrey A. Child argued, Coeur d'Alene.

Alan G. Lance, Atty. Gen.; Edward C. Lockwood, Deputy Atty. Gen. (argued), Boise, for respondent.

PERRY, Judge.

In this case, we are asked to review the district court's order affirming the magistrate's decision to place three children in permanent foster care. Based upon our review, we affirm.

## FACTS AND PROCEDURE

In the spring of 1990, following an adjudicatory hearing, the three children living with Doug Wood and Rosa Quaring,[1] S.T., D.Q. and S.W., were found to fall within the purview of the Idaho Child Protective Act, I.C. § 16–1601, and were placed in temporary foster care. One of the children, D.Q., is mentally retarded and requires specialized care and supervision. After the placement of the children in temporary foster care, the Department of Health and Welfare (the Department) formulated a case strategy that was designed to eventually reunite the family.

In August of 1991, on motion filed by the Department, a hearing was held and the magistrate ordered continuation of the temporary foster care for an additional year. The magistrate also instructed the Department to file a petition for termination of parental rights if substantial progress was not made toward reuniting the family during this additional year.

In July of 1992, the magistrate, finding good cause, appointed a volunteer from the Court Appointed Special Advocate (CASA) program to act as guardian ad litem for the children. In October of 1992, on the day scheduled for a renewal hearing to extend temporary foster care, all concerned parties

---

1. Quaring and Wood make no independent arguments. For convenience, when using "Quaring," we are referring to those arguments made by both Quaring and Wood.

stipulated to an extension of temporary foster care for an additional year. The parties also agreed that the case plan developed for the family, which anticipated eventual reunification, was in the best interests of the children. The magistrate adopted this stipulation in November of 1992 and required that a hearing be set within six months to determine whether the best interests of the children were still being met.

In May of 1993, the Department filed a motion for modification, alleging substantial changes in the parent-child relationship and seeking permanent foster care placement. After granting a motion to postpone the hearing filed by Quaring, the hearing was set for June 29, 1993. On the date of the hearing, the CASA volunteer filed a petition requesting termination of parental rights. The magistrate deemed this petition to be untimely and refused to consider it.

The hearing on the modification took place over four days. At one point in the hearing, the magistrate noted that "the Rules of Evidence don't exist in these proceedings." Eventually, the magistrate granted the Department's motion, finding that the children's "special needs" required permanent foster care until the children reached age eighteen. Quaring initially appealed the order to the district court which affirmed the magistrate.

Quaring now appeals to this Court, alleging that the magistrate erred by failing to limit the participation of the CASA guardian ad litem, failing to apply the Idaho Rules of Evidence at the hearing, improperly admitting evidence, and finding that the special needs of the children warranted permanent foster care. It is further alleged that Quaring was denied due process of law at the hearing for modification held before the magistrate.

## ANALYSIS

■ We first note that upon review of a decision of the district court rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App. 1988).

### A. PARTICIPATION OF THE GUARDIAN AD LITEM

The first issue raised on appeal by Quaring concerns the participation of the guardian ad litem during the hearing held on June 29, 1993. Throughout the proceedings, the children had been represented by appointed counsel from the Kootenai County Public Defender's office. During the hearing on June 29, 1993, the guardian ad litem was also represented by counsel. Quaring claims that the magistrate erred by allowing the guardian ad litem to participate extensively in the proceedings, when the children were already adequately represented. Quaring alleges this excessive representation of the interests of the children caused a "double bite." Quaring also claims that the magistrate erred by failing to make a threshold determination "of the degree of participation necessary by the guardian ad·litem in order to assure adequate representation of the children."

The guardian ad litem statutes, I.C. §§ 16–1630 through 16–1637, which were added to the code in 1989, establish the nature and obligations of a guardian ad litem. Idaho Code § 16–1631 provides that a guardian ad litem's duties are:

(a) To conduct an independent factual investigation of the circumstances of the child including, without limitation, the circumstances described in the petition.

(b) To file with the court a written report stating the results of the investigation, the guardian ad litem's recommendations and such other information as the court may require. The guardian ad litem's written report shall be delivered to the court, with copies to all parties to the case at least five (5) days before the date set for the adjudicatory hearing. The report shall not be admitted into evidence at the adjudicatory hearing, and shall be used by the court only for disposition if the child is found to be within the purview of the act.

(c) To act as an advocate for the child for whom appointed at each stage of proceedings under this chapter and is charged

with the general representation of the child. To that end, the guardian ad litem shall participate fully in the proceedings and to the degree necessary to adequately represent the child, and shall be entitled to confer with the child.

Similarly, I.C. § 16–1632 sets forth the rights and powers of the guardian ad litem:

(a) The guardian ad litem, if represented by counsel, may file pleadings, motions, memoranda and briefs on behalf of the child, and shall have all of the rights of a party whether conferred by statute, rule of court or otherwise.

Nowhere in the statutes is there a requirement that the magistrate make a threshold determination as to the level of participation necessary for a guardian ad litem to adequately represent the child or children. Nor have we found any case law that so indicates. Such a determination, with its potential for limitation, would be contrary to I.C. § 16–1632(a), which vests the guardian ad litem with all the rights of a party to a lawsuit. The language of I.C. § 16–1631(c), concerning participation "to the degree necessary to adequately represent the child," is intended to provide direction for the guardian ad litem, not to authorize limitation by the court hearing the matter. Therefore, we conclude that no error was committed by the magistrate in either refusing to limit the participation of the guardian ad litem or in failing to make a threshold determination as to what level of participation was necessary to represent the children.

## B. EVIDENTIARY RULINGS

Quaring next asserts that the magistrate erred by concluding that the Rules of Evidence did not apply. Quaring claims that this conclusion resulted in the improper admission of certain evidence.

On the third day of the hearing, the magistrate addressed the following remark to counsel for Quaring:

I'm going to make a point here, too, is that throughout these proceedings I've been kind of semi conducting this in a formal/informal type manner, which is contemplated by the statutes. Technically the Rules of Evidence don't exist in these proceedings, anyhow. And, so, if there may have been some admissions of evidence that normally would not, but that's contemplated. These are an informal proceeding contemplated by the statute.

And, so, your basis, your testimony—or, your statement about the witnesses giving opinions, your—I would certainly allow you to have the same opportunity. Just want to make that clear, even though, technically maybe they wouldn't be allowed under the Rules of Evidence.

Quaring claims this statement shows that the magistrate did not apply the Rules of Evidence. Idaho Rule of Evidence 101 states that the Rules of Evidence apply in all cases except for a limited number of enumerated situations. These exceptions include temporary shelter care hearings held under Idaho Code § 16–1614. In remanding a case under the Child Protective Act, the Idaho Supreme Court stated:

If further evidence is to be taken before the magistrate this would call attention to the fact that the Idaho Rules of Evidence will apply and that I.R.E. 101 modifies I.J.R. 10 by making the rules of evidence applicable in all Child Protective Act proceedings except temporary shelter care hearings. Hence, I.C. § 16–1608(b), "[t]he hearing shall be conducted in an informal manner," is no longer governing in these matters.

*Department of Health & Welfare v. Syme*, 110 Idaho 44, 47–48, 714 P.2d 13, 16–17 (1986). The Department concedes that the Rules of Evidence apply but argues that the magistrate did, in fact, properly apply them to the various rulings in question.

The incorrect statement by the magistrate, in and of itself, is not grounds for a reversal provided that the Rules of Evidence were in fact applied and followed. Quaring, however, points to a number of specific rulings asserting that the Rules of Evidence were either not applied or were misapplied.

### 1. Testimony of Meehan and Neel

Quaring argues on appeal that the testimony of Lynn Meehan and Todd Neel contained

irrelevant information. Meehan and Neel were both employees of the Department of Health and Welfare who had been involved with the supervision and evaluation of the children. We first note that we review questions of relevancy de novo. *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 466, 860 P.2d 653, 669 (1993); *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Our review of the record supports the conclusion that the testimony of both Meehan and Neel was relevant. Both testified extensively regarding the children themselves, experiences they had with the children and their observations of the family situations in question. This information was relevant to the magistrate's determination of the best interests of the children and to fashioning an order that would be appropriate and functional.

Quaring then claims that portions of Meehan's and Neel's testimony constituted impermissible opinion testimony. As to Meehan's testimony, Quaring asserts that Meehan gave impermissible lay opinions when she testified that Quaring had attempted to influence S.T. in various ways. As to Neel's testimony, Quaring challenges those statements of Neel that: (1) referred to whether substantial progress was being made by Quaring and Wood; (2) opined whether one contact with a foster family constituted substantial progress; (3) discussed prior drug use by Quaring and Wood; and (4) opined a single visit to S.T.'s school did not amount to significant attention to the needs and interests of S.T. Although it does appear that some of the testimony offered by Meehan and Neel was in the form of opinions, such testimony is permissible in certain circumstances. Idaho Rule of Evidence 701 allows for, but limits, lay opinions or inferences to those which are rationally based on the perception of the witness and helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue. *See State v. Missamore*, 119 Idaho 27, 32, 803 P.2d 528, 533 (1990). *See also Smith v. Praegitzer*, 113 Idaho 887, 749 P.2d 1012 (Ct.App.1988) (lay witness opinion is admissible as probative, competent evidence, and the weight to be given it rests with the trier of fact).

In this case, the testimony by Meehan and Neel was based on their perceptions through the experience each had with the children and with Quaring and Wood. Similarly, the state offered such opinions to aid the magistrate in determining facts surrounding the care of the children and what would be in their best interests. Any opinion given by Meehan and Neel fell within the purview of I.R.E. 701 and was properly admitted. Accordingly, we hold that the magistrate did not err by allowing such testimony.

Finally, Quaring challenges as impermissible hearsay Meehan's statement that "[S.T. has] indicated more than one time that she's not comfortable alone with Doug [Wood] and Rosa [Quaring]." This argument was not raised below, however, and we will not consider it on appeal for the first time. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

### 2. Documentary Evidence

Quaring objected to a number of pieces of documentary evidence admitted during the hearing. On appeal, Quaring claims that the magistrate erred by admitting: (1) CASA exhibit 12, a letter from S.T. to the judge, which was never sent; (2) CASA exhibit C, the report from the guardian ad litem; (3) CASA exhibit D, a letter from S.T.'s and S.W.'s psychotherapist to the guardian ad litem; and (4) CASA exhibit E, a report from a hearing officer at the Department of Health and Welfare.

Quaring's objections to the evidence below were vague, with numerous general objections being made to certain evidence. Because of the nature of these objections, many of the rulings by the magistrate do not specifically address each objection to each piece of evidence. Nevertheless, we conclude that the magistrate did not err by admitting the evidence.

We first note that I.R.C.P. 61 states:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new

trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Similarly, I.R.E. 103(a) states:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context ...

With respect to the letter from S.T. to the judge, we conclude that the admission of the letter was not error. Quaring objected to its admission on grounds of relevance and hearsay. As noted, we review questions of relevance de novo. *Lubcke v. Boise City/Ada County Hous. Auth.*, 124 Idaho 450, 466, 860 P.2d 653, 669 (1993). In this case, the thoughts and fears of a child who is the subject of an action under the Child Protective Act are clearly relevant. Although the magistrate did not specifically address the hearsay objection, the evidence was admissible as an exception to the hearsay rule under I.R.E. 803(3). Idaho Rule of Evidence 803(3) allows evidence, which might normally be excluded as hearsay, to be admitted if it is "a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition...." The letter in this case was to show S.T.'s state of mind, i.e., her fears regarding return to Quaring and her current concerns. Thus, the magistrate did not err by admitting the letter.

As to the report of the guardian ad litem, CASA exhibit C, Quaring objected below on the grounds that the report was not relevant, was overly prejudicial and contained hearsay. We first note that I.C. § 16–1631 requires the guardian ad litem to investigate the facts of the petition and to

prepare a report for the court. Thus, any claim that the document is irrelevant is unfounded. As to the hearsay objection, however, Quaring is correct. In addition to the report being hearsay, many portions of the report relate statements made by third persons either to the guardian ad litem or to others. It was error for the magistrate to admit the guardian ad litem report into evidence in its entirety.

This error in admission of the guardian ad litem's report does not necessarily warrant reversal, however. A judgment may not be disturbed on appeal due to error in an evidentiary ruling unless the error affected the substantial rights of a party. I.R.C.P. 61; I.R.E. 103(a). Moreover, where, as here, the finder of fact was the court, not a jury, even greater restraint is applied in appellate review. In *State v. Powell*, 120 Idaho 707, 819 P.2d 561 (1991), the Idaho Supreme Court stated:

[T]his Court will not reverse a trial court in a non-jury case on the basis of an erroneous admission of evidence unless it appears that the opposing party was misled or surprised in a substantial part of its case, or that the trial court materially relied on the erroneously admitted evidence. *Duthweiler v. Hanson*, 54 Idaho 46, 28 P.2d 210 (1933). In trials before the court, it is presumed that the trial court did not consider incompetent or inadmissible evidence in making its findings.

*Id.* 120 Idaho at 710, 819 P.2d at 564 (citations omitted), *quoting Guillard v. Department of Employment*, 100 Idaho 647, 650, 603 P.2d 981, 984 (1979).

Quaring does not contend that the guardian ad litem's report was misleading or surprising, and acknowledges that none of the magistrate's findings appear to be based solely on information from this report. Our review of the record reveals that an abundance of other evidence strongly supports the magistrate's findings of fact and ultimate conclusion that placement in permanent foster care was in the best interest of the children. We think it apparent from the record that even if the guardian ad litem's report had been excluded, the magistrate's decision would have been the same. We

conclude, therefore, that no substantial right of Quaring has been impaired, and the magistrate's failure to sustain Quaring's objection to the report is harmless error.

■ At trial, Quaring objected to CASA exhibit D, the letter from S.T. and S.W.'s psychotherapist to the guardian ad litem, on the ground that it contained impermissible hearsay. The magistrate admitted the document, finding that it fell within the exception to hearsay found in I.R.E. 803(6). Idaho Rule of Evidence 803(6) states that, among the exceptions to the hearsay rule, are:

> Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

The magistrate, in overruling Quaring's objection to the letter, ruled that CASA was a business within the definition of I.R.E. 803(6). The magistrate then also determined that the CASA volunteer was an appropriate custodian of the record and that it was kept in the regular course of business. In this case, we conclude that the business records exception of I.R.E. 803(6) was inapplicable. Although CASA may be a business entity within the scope of the rule, CASA is not the business that prepared the letter. Just putting the letter in CASA's files did not transform it into CASA's business record within the meaning of I.R.E. 803(6). The author of the letter was not called to testify. Nor do we agree that this document, which was apparently prepared for trial, was kept within the regular course of business. The reasoning behind this exception is that, in the course of its business, an entity is forced to keep and rely on various pieces of information. Thus, the entity has a desire to maintain the accuracy and reliability of that information aside from any interest it may have in litigation. *See* MICHAEL GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6757 (Interim Edition 1992). Because CASA is an advocacy group, and because the CASA volunteer is an advocate in litigation, we do not believe that a letter sent to the volunteer from a psychotherapist in preparation for a hearing qualifies as an appropriate exception to the hearsay rule under I.R.E. 803(6).

■ Although Quaring is correct that the letter is impermissible hearsay which does not fall within I.R.E. 803(6), we conclude that any such error was harmless and does not require a new hearing. *See* I.R.C.P. 61. The vast amount of evidence produced at the hearing, in the form of live testimony and other documentary evidence, duplicated the contents of the letter received by the guardian ad litem. Accordingly, we cannot say that any substantial right was affected even though the letter was erroneously admitted. Nor do we believe the result of the hearing would have changed in any way. Therefore, we conclude that the admission of CASA exhibit D does not amount to reversible error.

■ Although it is unclear on what ground Quaring objected to CASA exhibit E, the report from a Department of Health and Welfare hearing officer, it is clear that the document was not admitted for the truth of its contents. Instead, the document was admitted as an aid to the testimony of the guardian ad litem. Without a more specific objection below, and because the document was not admitted for the truth of its contents, we conclude the magistrate did not err in its admission.

## C. FINDING THAT CHILDREN'S SPECIAL NEEDS REQUIRED PERMANENT FOSTER CARE

■ Quaring next argues that the magistrate's determination that the special needs of the children required permanent foster care was not supported by substantial evidence. The magistrate's findings of fact

must be upheld on appeal if supported by substantial, albeit conflicting, evidence. *Ortiz v. Dept. of Health and Welfare,* 113 Idaho 682, 683–84, 747 P.2d 91, 92–93 (Ct.App. 1987). We regard evidence as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id.* at 684, 747 P.2d at 93. In this case, there was extensive evidence presented regarding Quaring and Wood's lack of progress toward becoming responsible parents; their chemical dependance problems; the safety concerns about the home in which the children would live; the concerns of the children; the special needs of D.Q.; the psychological dynamics present in the family environment; the children's development in the foster care environments; and numerous reports on the visits and interactions of the parents and children from the time the children were placed in foster care. Having reviewed the record, we conclude that there was substantial evidence to support the magistrate's finding that the children's special needs required permanent foster care.

## D. DUE PROCESS

Quaring alleges a violation of due process because of lack of proper notice of the modification hearing and that four ex-parte letters from the guardian ad litem, sent to the judge, were improper. These issues, however, are being raised for the first time on appeal. Issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

### CONCLUSION

The magistrate did not err by failing to make a threshold determination of the level of participation required by the guardian ad litem, nor in failing to limit her participation in the proceedings. The admission of evidence cited by Quaring as erroneous was either properly admitted or constituted harmless error. The evidence presented at the hearing was sufficient to support the magistrate's findings that the special needs of the children required permanent foster care. Finally, the due process claims that

Quaring raises were not raised below and will not be considered for the first time on appeal. The district court's order affirming the magistrate's decision to place the children in permanent foster care is affirmed. Costs, but not attorney fees, are awarded to respondent.

WALTERS, C.J., and LANSING, J., Concur.