104 P.3d 356

Gary A. WHITE, Plaintiff–Appellant–
Cross Respondent,

v.

Dale L. MOCK and Karen Mock, husband
and wife, Defendants–Respondents–
Cross Appellants.

No. 29319.

Supreme Court of Idaho,
Boise, May, 2004 Term.

July 7, 2004.

Neal & Uhl, PLLC, Boise, for appellant. Gary L. Neal argued.

Stoppello & Kiser, Boise, for respondents. Frank W. Stoppello argued.

BURDICK, Justice.

This is an appeal from a judgment entered following a jury verdict awarding no damages to Gary White on his statutory claims related to the Mocks' sale of their property located on West Jefferson Street in Boise. The Mocks cross-appeal, challenging several rulings by the district court and the order granting White's post-trial motion for a new trial. We affirm the judgment of the district court in favor of the Mocks on the fraud and

misrepresentation claims and in favor of White on the statutory claims. We also affirm the district court's decision on White's post-trial motions; however, we reverse the denial of the j.n.o.v. as to the Idaho Consumer Protection Act under which White is entitled to an award of damages.

## FACTUAL AND PROCEDURAL BACKGROUND

Dale L. and Karen Mock owned property located at 2616 and 2618 West Jefferson Street in Boise. They entered into a purchase and sale agreement with Gary White on November 19, 1998. White received the Mocks' Real Property Disclosure Statement Form on December 7, 1998, and the parties closed the transaction on December 23, 1998. White did not obtain an independent inspection of the property although he inspected the property himself and waived the inspection on the disclosure statement form.

Within a month of the closing, White incurred expenses on the property to treat a termite problem, which had not been disclosed in the Real Property Disclosure Statement submitted by the Mocks. White began remodeling the rear unit at 2618 early in 1999 and uncovered evidence of earlier water damage and non-toxic mold in 2616. He expended funds for lumber, drywall, fixtures and hardware, among other items.

White's complaint against the Mocks was filed April 26, 1999, alleging violations of the Idaho Property Disclosure Act, fraud, and violation of the Idaho Consumer Protection Act, seeking to recover damages. White filed an amended complaint two years later in May of 2001, adding a request for relief in the form of rescission of the sale. The Mocks moved for summary judgment as to the remedy of rescission and for a ruling that the Idaho Consumer Protection Act did not apply to them.

By order of June 28, 2002, the district court determined that White was not entitled to rescind the sale of the property because of his failure to timely comply with the Idaho Property Condition Disclosure Act and because White had substantially altered the condition of the property from its condition at the time of the sale. The district court denied the Mocks' motion with respect to the Idaho Consumer Protection Act.

Following an eight-day trial, a jury found the Mocks did not commit fraud in the transaction. In completing the special verdict form No. 1, the jury determined that White was not damaged as a proximate cause of the Mocks' failure to disclose a material matter on the Property Condition Disclosure form. There was a violation of the Idaho Consumer Protection Act although they also found no damages which were proximately caused by the violation. The district court entered judgment in favor of the Mocks on December 24, 2002. White filed a notice of appeal on January 31, 2003.

The district court heard White's post-trial motions and issued its decision on May 1, 2003. The order denied White's motion for judgment notwithstanding the verdict but granted White a new trial only on the issue of out-of-pocket damages in connection with the remodeling of the rear unit at 2618, which evidence the district court had previously barred. The district court denied the motion for new trial on the other grounds asserted, including insufficient evidence to support a no damage verdict, the court's holding that the Psychologically Impacted Property Statute eliminates all stigma damages, and the exclusion of Dr. Beaulieu's testimony. The Mocks filed a notice of cross-appeal.

## ISSUES ON APPEAL

1. Did the district court err in denying stigma damages?

2. Did the district court err in holding that rescission was not an available remedy to White?

3. Was it error to preclude White from calling the defense's expert, who was not going to testify, in his case in chief?

4. Did the district court err in not granting White's motion for judgment notwithstanding the verdict?

ISSUES ON CROSS–APPEAL

5. Did the district court err in holding that individuals selling real property are subject to the Idaho Consumer Protection Act?

6. Did the district court err in admitting testimony, photographs and other evidence presented by White?

7. Was it error for the district court to grant White a new trial on the issue of damages?

## DISCUSSION

*1. The district court properly ruled that stigma damages are not available under the circumstances of this case.*

■ At trial, White argued that he was entitled to recover damages from the Mocks for failure to disclose water intrusion that led to mold growth, which White asserts is within the Psychologically Impacted Property Statute, I.C. § 55–2701(formerly § 55–2801). Without offering any proof that there was mold on the property at the time of sale, White claimed as an element of damages the stigma created by facts and/or speculation of the existence of mold. White asserts that the district court erred in ruling that stigma damages are not allowed in Idaho, thus precluding White from calling his expert witness to testify that the existence of mold on the property creates a stigma that would negatively impact a future sale of the property.

Idaho Code, Section 55–2701 defines "psychologically impacted" as:

the effect of certain circumstances surrounding real property which include, but are not limited to, the fact or suspicion that real property might be or is impacted as a result of facts or suspicions including, but not limited to the following:

(1) That an occupant or prior occupant of the real property is or was at any time suspected of being infected or has been infected with a disease which has been determined by medical evidence to be highly unlikely to be transmitted through the occupancy of a dwelling place; ·

(2) That the real property was at any time suspected of being the site of suicide, homicide or the commission of a felony which had no effect on the physical condition of the property or its environment or the structures located thereon; or

(3) That a registered or suspected sex offender occupied or resides near the property.

The only cases cited by White were cases from other jurisdictions supporting stigma damages in property damage cases, not in failure to disclose cases. Notably, however, I.C. § 55–2702 expressly states that no cause of action shall arise against an owner of real property for a failure to disclose to the transferee that the real property was psychologically impacted. Recognizing that the statute had yet to be interpreted by Idaho courts, the district court reasoned that the clear intent of the statute is "to limit damages for purely psychological reactions to conditions in property" and that "it is not the purpose of Idaho law to provide remedies for those types of purely psychological impacts on real property."

■ The statute is unambiguous and cannot be read to authorize the award of damages sought by White. There is no room for construction of a statute whose terms have a plain, obvious and rational meaning. *Roeder Holdings, L.L.C. v. Board of Equalization of Ada County,* 136 Idaho 809, 41 P.3d 237 (2001); *State v. McCoy,* 128 Idaho 362, 913 P.2d 578 (1996). The facts or suspicions that the real property might be or is impacted is limited to the occupancy by a person infected with a disease which is not easily communicable, a person who died on the premises as a result of suicide or homicide, or a registered or suspected sex offender. I.C. § 55–2701. The words "but shall not be limited to" imply that the listing is not exclusive and may include occupants with other, similar limited personal characteristics; but the words were not intended to encompass individualized reactions to conditions of the property, such as non-toxic mold. Accordingly, we hold the statute inapplicable under the circumstances of this case, and we affirm the ruling of the district court denying recovery of stigma damages.

*2. The remedy of rescission was properly denied to White.*

The district court ruled in its memorandum decision and order on summary judgment that White was not entitled to the equitable remedy of rescission on his asserted claims of a violation of the Idaho Property Disclosure Act, I.C. § 55–2501 et seq., and fraud. The district court concluded that White did not timely seek rescission in accordance with I.C. § 55–2515 or in his amended complaint that was filed three years after the sale. Having determined that White had not rescinded within three days of receiving the disclosure form as defined in the statute and that he had substantially altered the property such that it could not be restored to the Mocks as it was when purchased, the district court ruled that rescission was not an available remedy in this case.

The sale of the property took place on December 23, 1998. In February of 1999, counsel hired by White directed a demand letter to the Mocks, advising that suit would be brought unless the Mocks paid White the sums expended on the property, which White claimed were required because of the Mocks' failure to disclose the true condition of the property. Alternatively, counsel proposed rescission of the sale, provided White would also be reimbursed for materials and labor expended on the property to that point. The action was filed on April 26, 1999, alleging several claims seeking compensatory damages but exclusive of a request to rescind the sale. Although no new causes of action were included, an additional prayer for relief in the form of rescission appeared for the first time in White's amended complaint, which was filed on May 8, 2001.

Under the Property Condition Disclosure Act, rescission by the transferee is allowed:

Subject to section 55–2504, Idaho Code, if a transferee of residential real property receives a property disclosure form or an amendment of that form as described in 55–2508, Idaho Code, after the transferee has entered into a transfer agreement with respect to the property, the transferee, after his receipt of the form or amendment may rescind the transfer agreement in a written, signed and dated document that is delivered to the transferor or his agents in accordance with section 55–2510, Idaho Code. Transferee's rescission must be based on a specific objection to a disclosure in the disclosure statement. The notice of rescission shall specifically identify the disclosure objected to by the transferee.

\* \* \* \* \*

Subject to the provisions of section 55–2505, Idaho Code, a rescission of a transfer agreement may only occur if the transferee's written, signed and dated document of rescission is delivered to the transferor or his agent or subagent within three (3) business days following the date on which the transferee or his agent receives the property disclosure form prescribed under section 55–2508, Idaho Code. If no signed notice of rescission is received by the transferor within the three (3) day period, transferee's right to rescind is waived.

I.C. § 55–2515. Therefore, for White to successfully claim a right to rescind the sale pursuant to statute, he was required to show proof of a written notice delivered to the Mocks, dated within three days following the date of receipt of the property condition disclosure form and specifying the objectionable portion of the disclosure form. White admitted that he did not comply with the terms of the statute, but argued that he had received the disclosure form only after the sale and that his delay in seeking rescission was not unreasonable.

This Court has held that "the right of rescission provided by I.C. § 55–2515 only arises after the parties have entered into their real estate contract. It is based upon the contents of a property disclosure form, or an amendment thereto, delivered by the seller to the purchaser after their contract has been executed." *Lindberg v. Roseth,* 137 Idaho 222, 226, 46 P.3d 518, 522 (2002). Moreover, the statute clearly states that a failure of notice pursuant to I.C. § 55–2515 is deemed a waiver. The district court correctly held that rescission under I.C. § 55–2515 was not available to White.

Under the common law, it is well established that the party seeking rescission must act promptly once the grounds for rescission arise. *Farr v. Mischler*, 129 Idaho 201, 205, 923 P.2d 446, 450 (1996), *citing Blinzler v. Andrews*, 94 Idaho 215, 218, 485 P.2d 957, 960 (1971). "Once a party treats a contract as valid after the appearance of facts giving rise to a right of rescission, the right of rescission is waived." *Id.* The record reveals that White first prayed for rescission in his amended complaint that was dated approximately twenty-six months after completion of the sale. It is also clear from the record that substantial reconstruction and remodeling had been done to the property by the time White filed the amended complaint. Because rescission requires restoration to the *status quo, Lowe v. Lym*, 103 Idaho 259, 262, 646 P.2d 1030, 1033 (Ct.App.1982), White's remodeling efforts rendered rescission an impossibility. The district court's denial of common law rescission was proper.

3. *The district court did not err in barring the testimony of an expert witness engaged by the defense in White's case in chief.*

On the sixth day of trial, White's counsel attempted to call Dr. Beaulieu to testify in his case in chief to establish the existence and type of mold on the property. White subpoenaed Beaulieu to appear, even though Beaulieu was an expert witness for the defense, who had been identified as a rebuttal witness but who, according to defense counsel, would not be called to testify. The defense argued that White's counsel was co-opting the defense's expert to introduce evidence, which up to that point in trial had not been presented by White's own expert witnesses. Furthermore, the defense objected on the ground that White had not identified Dr. Beaulieu as one of his experts in pretrial discovery.

Rule 26(b)(4)(B) of the Idaho Civil Rules of Procedure deals with discovery regarding experts not expected as witnesses. The rule is as follows:

A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except as provided in Rule 35(b) or except upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

I.R.C.P. 26(b)(4)(B). The rule, argues White, deals with discovery issues, not trial issues and nothing in this rule or other rules of civil procedure bars his presentation of the testimony of Dr. Beaulieu. White asserts that he had reserved the right to call the other party's witness and also argues that because the substance of Dr. Beaulieu's opinions was known, the defense would not be prejudiced by allowing him to put on said evidence.

The Court reviews a trial court's decision admitting or excluding evidence, including the testimony of expert witnesses, under the abuse of discretion standard. *Clark v. Klein*, 137 Idaho 154, 45 P.3d 810 (2002), citing *Morris By and Through Morris v. Thomson*, 130 Idaho 138, 144, 937 P.2d 1212, 1218 (1997). The test for determining whether the district court abused its discretion is: (1) whether the court correctly perceived that the issue was one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether it reached its decision by an exercise of reason. *Sun Valley Shopping Center Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In *Radmer v. Ford Motor Co.*, 120 Idaho 86, 813 P.2d 897 (1991), the Court reiterated that "[t]ypically, failure to meet the requirements of Rule 26 results in exclusion of the proffered evidence. *Coleco Industries, Inc. v. Berman*, 567 F.2d 569 (3d Cir.1977)." *Id.* at 90, 813 P.2d at 901. The district court's ruling precluding Dr. Beaulieu's testimony relied on Rule 26(b)(4), which mandates, upon request via interrogatories, "that a party identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the opinions to which the expert

is expected to testify...." I.R.C.P. 26(b)(4)(A)(i). More to the point, I.R.C.P. 26(b)(a)(iii) bars a party from even contacting an expert witness of an opposing party without first obtaining the permission of the opposing party on the case.

The discovery rules contain no provision directly addressing whether the plaintiff may call one of the defendant's experts at trial. In that the rules do not allow for depositions of a party's expert who is not expected to be called as a witness at trial, pursuant to I.R.C.P. 26(b)(4)(B), it follows that that expert cannot be called by the opposing party during trial unless a proper showing of exceptional circumstances is made. In keeping with the policy behind the discovery rules then, and based upon White's failure to name Dr. Beaulieu as his expert, we conclude that the district court did not abuse its discretion in barring the testimony of the defense's expert to establish White's *prima facie* case against the defendants. We also hold that a general "reservation of rights" to call the other party's witnesses is not the type of disclosure envisioned by the rule, in that it does not apprise the opposing party of the identity of the specific expert to be relied upon and does not reveal the general substance of that testimony or its relation to the legal theory of the plaintiff. *See Gallo v. Peninsula Hospital,* 164 Cal.App.3d 899, 903–904, 211 Cal.Rptr. 27, 30 (1985) (holding general reservation of rights to call the other party's witness is not the type of disclosure envisioned by the rule).

### 4. The district court did not err in denying White's motion for j.n.o.v. except as to the Idaho Consumer Protection Act.

White moved the district court for judgment notwithstanding the verdict under I.R.C.P. 50(b), aimed specifically at the judgment awarding no damages to the plaintiff, despite the jury finding that the Mocks had violated the Idaho Property Condition Disclosure Act and the Consumer Protection Act, I.C. § 55–2801 and I.C. § 48–601, respectively. White argues on appeal that the district court erred in denying his motion.

In determining whether a judgment n.o.v. should have been granted, the appellate court applies the same standard as does the trial court, which passed on the motion originally. *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986). The court on appeal exercises free review of the record, without deference to the views of the trial court, to determine whether the verdict can be supported under any reasonable view of the evidence. *Litchfield v. Nelson,* 122 Idaho 416, 835 P.2d 651 (Ct.App.1992). A motion for judgment n.o.v. will not be granted if there is substantial evidence to support the verdict once it has been returned; by substantial, it is not meant that the evidence must be uncontradicted but that the evidence must be of sufficient quantity and probative value that reasonable minds could conclude that the verdict of the jury was proper. *Smith v. Great Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977).

The special verdict forms in this case show that the jury concluded that the Mocks violated the Property Condition Disclosure Act and the Consumer Protection Act. The special verdict forms also indicate that the jury found that neither the Mocks' failure to disclose a material matter nor their conduct in representing that the property had characteristics that it did not have were the proximate cause of White's damages under the respective Acts.

Viewed in a light most favorable to the non-moving party, the jury's conclusion that the damages claimed by White were not the result of non-disclosure of any item on the property condition disclosure form, including whether the plumbing in the house was functional, whether the roof leaked, and whether there was moisture and/or water problems in the basement or crawl space, is supported by the evidence. *See Quick v. Crane,* 111 Idaho at 764, 727 P.2d at 1192 (requiring the court to review the record below, drawing all inferences from the evidence in the light most favorable to the non-moving party to determine if there was substantial evidence to justify submitting the case to the jury).

With regard to the violation of the Idaho Consumer Protection Act that the jury found, the award of no damages was in error.

Idaho Code § 48–608 provides that "any person who purchases ... goods ... and thereby suffers any ascertainable loss ... as a result ... of a method, act or practice declared unlawful by this act ... may bring an action to recover actual damages or one thousand dollars ($1,000), whichever is greater." I.C. § 48–608(1). Having determined that the Mocks had engaged in an act or practice which was misleading, false, or deceptive to White, in violation of the Idaho Consumer Protection Act, the jury was required to make an award of at least one thousand dollars to White.

■ On appeal, White also claims that he was entitled to an award of damages represented by the value of the loss of the right to rescind or void the sale and that the jury's finding that he did not suffer damage was unsupported by the evidence. In arguing that the loss of the right to rescind or void the sale constitutes damages, White misapprehends the nature of his claims and the requisite proof, as well as the jury's findings. There was no showing made at trial that the loss of the right of rescission had somehow caused White to suffer damage. Moreover White testified that the property had been appraised in excess of what he had paid for it, leading to a conclusion that he had not suffered damage.

Therefore, we affirm the district court's decision denying judgment notwithstanding the verdict, except as to the judgment awarding no damages in favor of White on the Consumer Protection Act claim.

5. *Individuals selling real property for investment are subject to the Idaho Consumer Protection Act.*

■ The Mocks challenge the district court's ruling holding them subject to the Idaho Consumer Protection Act, arguing that the Act does not apply to individuals who are not in the business of selling real property.

The purpose of the Idaho Consumer Protection Act is "to protect both consumers and businesses against unfair methods of competition and unfair and deceptive practices in the conduct of trade or commerce, and to provide efficient and economical procedures to secure such protection. It is the intention of the legislature that this chapter be remedial and so construed." I.C. § 48–601. Idaho Code § 48–603, which contains a knowledge requirement, provides an enumeration of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce that the legislature declared to be unlawful. I.C. § 48–603C also declares any unconscionable method, act or practice in the trade or commerce to be a violation of the Idaho Consumer Protection Act whether it occurs before, during, or after the conduct of the trade or commerce. White alleged in his complaint that the Mocks' failure to disclose the true, defective condition of the property and the making of false affirmative statements violated Sections 603 and 603C of the Act.

■ Legislative definitions of terms included within a statute control and dictate the meaning of those terms as used in the statute. *Roe v. Hopper,* 90 Idaho 22, 408 P.2d 161 (1965). The Mocks are clearly "persons" within the definition found at I.C. 48–602(1). The Mocks' real property is clearly within the definition of "goods," which "mean any property ... real, personal or mixed ..." I.C. § 48–602(6). Finally, "trade" or "commerce" encompasses "the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state." I.C. § 48–602(2).

*Haskin v. Glass,* 102 Idaho 785, 640 P.2d 1186 (Ct.App.1982), a case relied upon by White, held that the Act was inapplicable to a transaction that was merely contemplated. *Haskin* did not, however, resolve the applicability of the Act to individuals. The authority cited by the Mocks interpreted a Tennessee statute, which admittedly is very similar to Idaho's statute. *Ganzevoort v. Russell, et al.,* 949 S.W.2d 293 (Tenn.1997). There, in the context of the sale of the Russells' residence, the Court held: "Although this language does not explicitly exclude from the Act sellers not in the business of selling property as owners or brokers, a reasonable

construction is that they are not included." *Id.* at 297. "The majority of jurisdictions in which real estate sales are governed by the act, have held that persons making an isolated sale of their home are not covered by the Act." *Id.* at 298.

■ Whether a statute applies is a matter of law. *Floyd v. Board of Comm'rs of Bonneville County*, 131 Idaho 234, 953 P.2d 984 (1998). We agree with the distinction noted by the district court between the sale of one's residence versus the sale of other property and accordingly hold the Idaho Consumer Protection Act applicable to the Mocks' sale of investment property. We affirm the district court.

### 6. *Admission of specific exhibits and testimony of David Jakovac*

The Mocks argue that the district court erred in admitting plaintiff's exhibits 131, 132, 137–144, consisting of photographs taken between April and July of 2002 and exhibits 145 and 146, consisting of photographs taken on November 30, 2001. The photographs depict areas inside the property showing the condition of walls, ceilings and paneling, as it existed at the time of the photographs. The Mocks also claim that the district court erred in admitting the testimony of the plaintiff's witness, David Jakovac, who testified to his observations of the property, which were made more than three years after White's purchase of the property and which Jakovac was unable to relate to the condition of the property at the time of purchase. According to the Mocks, the photos and Jakovac's testimony were improperly admitted over the defense's objection on relevance grounds.

■ This Court reviews challenges to a trial court's evidentiary rulings under an abuse of discretion standard. *Herman v. Herman*, 136 Idaho 781, 41 P.3d 209 (2002). Evidentiary rulings involving relevancy, however, are not discretionary matters, and as such are reviewed *de novo*. *State v. Raudebaugh*, 124 Idaho 758, 864 P.2d 596 (1993). "If evidence is not relevant, it should not be admitted. If irrelevant evidence is admitted, then the focus on appeal should be whether or not such error prejudiced the objecting party." *State v. Cannady*, 137 Idaho 67, 70,

44 P.3d 1122 (2002). A judgment may not be disturbed on appeal due to error in an evidentiary ruling unless the error affected the substantial rights of a party. *Wood v. State, Dep't of Health & Welfare*, 127 Idaho 513, 519, 903 P.2d 102, 108 (Ct.App.1995); I.R.C.P. 61; I.R.E. 103(a).

■ The district court inquired at trial into the relevancy of photographs taken in April 2002, after the walls and the baseboards were ripped off. The district court commented that the photos show the extent of the damage in April through July of 2002 and further, that "the problem we're having here is precisely that, is relating the water damage in 2002 to what was there in 1998." Irrespective of the district court's colloquy, the court admitted the photographs. We conclude that the district court did not err in admitting the photographs as they corroborated White's original observations. They were not relevant to conditions in 1998 but were admissible for corroboration.

David Jakovac, a professional engineer with a degree in civil engineering, was called by the plaintiff. Jakovac testified that he had only inspected 2616 Jefferson and had not looked at 2618 Jefferson, which had already been materially altered; the dates of his inspections were December 29, 2001 and February 2, 2002. Defense counsel objected on foundation grounds to the question, "Do you have any reason to believe that the conditions you saw during your testing and inspection were not present in December of 1998?" The district court sustained the objection. The record does not contain a relevancy objection that was overruled by the district court and thus, there is no adverse ruling to review in this regard.

### 7. *The district court's grant of a new trial limited to the issue of damages was not error.*

As previously noted, the jury did not award damages to White. In ruling on White's post-trial motion for new trial, the district court determined that it had erroneously excluded evidence regarding damages for White's out-of-pocket expenses for remodeling the rear 2618 unit and granted a

new, limited trial on damages. The Mocks on cross-appeal argue that the district court thereby invaded the province of the jury on the factual question of causation, citing *Ryals v. Broadbent,* 98 Idaho 392, 565 P.2d 982 (1977); and they urge the Court to vacate the order granting a new trial.

On a motion for a new trial, the court weighs the evidence and the credibility of the witnesses and need not view the evidence in a light most favorable to the verdict-winner. *Quick v. Crane,* 111 Idaho at 767–68, 727 P.2d at 1195–96. On appeal, the Supreme Court will not reverse a trial court's order granting a motion for a new trial unless the court has manifestly abused its broad discretion. *Bott v. Idaho State Bldg. Auth.,* 122 Idaho 471, 835 P.2d 1282 (1992).

On the fifth day of trial, White's counsel inquired whether White had spent any money on building materials. White testified that he had purchased materials to be used in the repair of the 2618 unit. White also testified that he made the repairs before he learned the extent of the damage in the 2616 unit. In addition to the building materials, White testified that he had incurred costs in taking construction debris to the dump. Defense counsel objected on relevance grounds and foundation, arguing that White was reading from a summary that had not previously been provided to defense counsel. The district court sustained the relevance objection and prevented White from testifying to the effect, "if he had found that damage before he started, he wouldn't have made those changes."

Although the district court had excluded evidence related to the costs of remodeling the 2618 unit as damages, the district court reconsidered its ruling at the conclusion of the trial. Based on our review of the record, the district court addressed the possibility of a claim for damages for White's investment of materials in the subject property in reliance on the property disclosure form and stated, "the consensus of our meeting in chambers was we'll wait to see what the jury does with what they have. Depending on what they do, we'll take up that issue or this other issue at a later time."

The district court granted the motion for a new trial, after acknowledging error in excluding evidence of out-of-pocket expenses. Thus, the new trial was granted based on an "error in law occurring at trial," as set forth in I.R.C.P. 59(a)(7). In the case of an incorrect ruling regarding evidence, however, a new trial is merited only if the error affects a substantial right of one of the parties. *Highland Enters., Inc. v. Barker,* 133 Idaho 330, 345, 986 P.2d 996, 1011 (1999).

We have previously concluded that White is entitled to an award of damages in consideration of the jury's finding that the Mocks violated the Consumer Protection Act. Because White was precluded from presenting evidence of his remodeling costs as an element of his damages, the district court correctly granted a new trial to allow presentation of said evidence. The jury will on remand be in a position to evaluate all of White's alleged damages in order to arrive at an amount commensurate with statutory damages set forth in I.C. § 48–608(1). We affirm the district court's grant of a limited new trial.

### ATTORNEY FEES

White is not entitled to an award of attorney fees on appeal either under I.C. § 48–608(4) or Paragraph 9 of the Purchase and Sale Agreement he entered into with the Mocks. Interpreting the intent of I.C. § 48–608(3) (now (4)), which provides for an award of reasonable attorney fees to the prevailing party, the Court of Appeals held that attorney fees should be allowed on appeal for the prevailing party. We agree with that analysis. *Nalen v. Jenkins,* 113 Idaho 79, 83, 741 P.2d 366, 370 (Ct.App.1987). Paragraph 9 of the Purchase and Sale Agreement also provides for an award of attorney fees on appeal to the prevailing party. White is not the prevailing party in this appeal and cannot recover attorney fees on appeal.

### CONCLUSION

The district court properly ruled that stigma damages in this case are not available and that rescission was properly denied to White. The district court correctly prohibit-

ed the testimony of Dr. Beaulieu in White's case in chief, as Dr. Beaulieu was a defense expert who was not expected to testify at trial. Although we affirm the denial of the judgment n.o.v. in all other respects, we vacate the judgment awarding no damages to White on the Idaho Consumer Protection Act violation. We hold that individuals selling real property, such as the Mocks, are subject to the Idaho Consumer Protection Act. We hold that the photographs were admissible. Finally, we affirm the district court's order granting White a limited new trial on damages.

Each party is to bear its own costs on appeal.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.