(No. 5472. July 19, 1930.)

WESLEY PALMER and FERN PALMER, Husband and Wife, Respondents, v. HIGHWAY DISTRICT No. 1, BONNER COUNTY, IDAHO, a Municipal Corporation, Appellant.

[290 Pac. 393.]

E. W. Wheelan, for Appellant.

598

Miles F. Egbers, for Respondents.

BUDGE, J.—This action was originally instituted as one in equity to reform a deed given by respondents to appellant conveying certain property for highway purposes, upon the theory of a mutual mistake as to the property intended to be conveyed. Upon trial of the cause the court found there had been no mutual mistake, but ordered the pleadings to be amended and reformed so as to permit recovery for the market value of the land taken and damages to the land not taken, as respondents would have been entitled to recover had condemnation proceedings originally been instituted. Upon the pleadings being so reformed the cause was tried to the court and jury upon the one issue of damages. Judgment was had in favor of respondents, and this appeal is from an order denying a motion for new trial.

Appellant makes a number of assignments of error. We shall not discuss them all, but only such as are deemed important. Appellant complains of the action of the court in permitting witnesses Barton and Farnsworth to testify to the value of the land taken and damage to the tract not taken, upon the ground that neither showed himself to be qualified. No useful purpose would be served by reciting that portion of the record which discloses that both of these witnesses had dealt more or less extensively in real estate in the county in which respondents' land was located and had been so engaged for a number of years, and were familiar with the market value of land in adjoining counties. They were acquainted with the land owned by respondents and the uses and purposes to which it had been put for some time prior to the change in the highway by the construction of the new highway across respondents' land. While the character of this evidence is not of the highest standard in the matter of fixing market values, we think it was sufficient to support the verdict

of the jury and that there was no prejudicial error that would warrant a reversal on this ground.

It is strenuously contended by appellant that certain elements making up the measure of damages were erroneously admitted in that the witnesses were permitted to testify to, and the verdict is based largely upon, the use to which the land of respondents had been put, viz., tourist park purposes and its value for that specific purpose. We appreciate the fact that there are decisions from courts of respectability holding contrary to the conclusions we have reached, but in this jurisdiction the admission of the evidence complained of does not constitute reversible error. Respondents' premises are located on the north and south highway at a place called The Oasis. The only available water for some distance on either side is found on respondents' property. Respondents had a store, gas station and tourist park adjacent to the old highway, and there had been considerable travel on this highway. Many tourists stopped for refreshments and light lunches as well as for gas, oil and other automobile accessories. Many tourists had camped in the tourist park adjacent to respondents' place of business. The tourist travel afforded a market for respondents' garden truck and other farm products, and through the store and by reason of serving light lunches they disposed of milk, eggs, etc. These were the principal uses to which respondents' premises had been put, and it was upon these uses as well as use of the land for agricultural purposes that the market value of the land taken for the new highway and damages resulting to the tract not taken that the witnesses based their opinions as to the damages sustained by respondents. One witness testified the place was of practically no value after the new road was constructed, at an elevation of approximately twenty feet above the store, gasoline station and tourist park of respondents; that the road was constructed on a downgrade when cars were passing in one direction and upgrade when going in the opposite direction; that damage was done to the ground used for tourist park purposes, trees being

destroyed, and other damage resulting to the tourist park; and further damage was sustained by respondents in being required to build certain fences. We think the admissibility of this evidence falls well within the rule announced by this court in *Idaho Farm Development Co. v. Brackett,* 36 Ida. 748, 213 Pac. 696:

"They (the authorities) seem to agree (1) that the owner is entitled to the market value of the land for the uses to which it may be most advantageously applied and for which it would bring the highest price in the market; (2) that any evidence should be admitted which legitimately bears upon the market value (3) that where the property is especially suited for a certain purpose it is proper to take this into consideration in determining the market value . . . . It has been held that the owner of the land may show its market value for the specific purpose for which it can be used most advantageously. . . . . If the land owner is entitled to the market value of his land, considered in the light of the highest and most advantageous use to which it can be put, then it follows logically that he ought to be allowed to show specifically the market value of the land for that purpose. This is the best way of proving the market value. The fear that permitting such evidence to be introduced would lead to the trial of collateral issues seems to us to be not well founded. Such a result would not be any more likely to follow in such case than in any case where market value is in question. . . . . We conclude that, if the land sought to be condemned is shown to have a special value for a specific purpose, the land owner may show whether it has a market value for that purpose, and, if so, what it is."

It is held that the proper elements of damage are whatever tend to make the land of less value after the location than it was before. 20 C. J., p. 757, sec. 215; citing *Schuler v. Board of Supervisors,* 12 S. D. 460, 81 N. W. 890, to the effect that:

"In estimating the amount of damages for the taking of land for highway purposes, the jury may take into con-

sideration the diversion of travel from a former highway on which plaintiff's buildings were located, increase in taxation, expense of building additional fences, and any other facts which the jury find from the evidence decrease the value of the premises.''

While it is true the general rule is that damages recoverable must be direct and certain, and that contingent, remote or speculative damages are not recoverable, we think the instructions of the. court, to which no exceptions were taken, clearly advised the jury as to this phase of the case. We are not prepared to say the damages awarded are so excessive that the verdict is the result of passion and prejudice, when all the facts are taken into consideration.

██ By agreement of counsel and with permission of the court the jury viewed the premises after the evidence was submitted. This view by the jury would not supply the want of evidence and could not be considered as evidence in the case. There must be sufficient evidence independent of the view of the premises by the jury to support the verdict. A view of premises, however, enables the jury in certain cases to better apply the evidence admitted.

From a careful examination of the entire record in this case we have concluded to affirm the judgment, and it is so ordered; costs to respondents.

Givens, C. J., Lee and Varian, JJ., and Johnson, District Judge, concur.