IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38472-2011

| | | |
|---|---|---|
| JOSEPH BOLOGNESE and DOROTHY BOLOGNESE, husband and wife, SUNSET PECOS LIMITED PARTNERSHIP, a Nevada Limited Partnership, | ) ) ) ) ) | Lewiston, September 2012 Term 2012 Opinion No. 141 |
| Plaintiffs-Appellants, | ) ) | Filed: November 19, 2012 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| PAUL FORTE and SUZANNE FORTE, husband and wife, | ) ) ) | |
| Defendants-Respondents. | ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. Steven C. Verby, District Judge.

The judgment of the district court is affirmed.

John P. Whelan, Coeur d'Alene, argued for appellants.

Mark. A. Jackson, Coeur d'Alene, argued for respondents.

_____

EISMANN, Justice.

This is an appeal out of Kootenai County from a jury verdict in favor of the sellers of real property in an action by the buyers to recover damages or be granted rescission of the sale contract on the ground that the sellers made misrepresentations and breached the contract and the Idaho Property Condition Disclosure Act. The buyers also sought to raise the issue of mutual mistake. We affirm the judgment of the district court.

## I.

### Factual Background.

Pursuant to a written contract dated October 13, 2005, Joseph and Dorothy Bolognese (Buyers) purchased from Paul and Suzanne Forte (Sellers) for the sum of $675,000 residential

property on the shore of Hayden Lake. The property consisted of about 1.7 acres on the shallow, marshy end of the lake, and it included a remodeled home that had been originally constructed in 1934, a detached three-car garage, and a small guest cabin. The sale closed on October 28, 2005.

Buyers lived in Las Vegas, Nevada. In August 2006, one of their adult daughters moved from Florida to Idaho to live in the house. She intended to live there indefinitely, but moved out about eleven months later because of various issues including the water pipes to the living quarters above the garage freezing, the water in the garden hose that provided water to the guest cabin freezing, the need to put a space heater under the kitchen sink in the house to keep the water pipes from freezing, the floors in the house being very cold in the winter, the smell of mold in one bedroom, and the need to keep the creek on the property from overflowing during the spring runoff so that it would not flood the house.

About a year after purchasing the property, Buyers hired a contractor to see if the garage could be enlarged. He discovered that the building permit obtained to construct the garage had not been finalized, so that it had lapsed. The permit had been issued in 2000 to construct a garage with storage space above it. Before the structure was completed, Sellers obtained permission from the county to build an accessory living unit consisting of a bonus room and a partial bathroom above the garage instead of the storage space. By letter dated May 30, 2001, an employee of the county building department notified Sellers that he had met with Sellers' contractor and inspected the garage structure and that some additional items needed to be completed and a certificate of occupancy obtained. Sellers were living in Washington, and Mr. Forte testified that although he signed for the letter, he did not recall receiving it. The required items were not completed, and the building permit lapsed.

Buyers' contractor also contacted the health district and learned that the permit for the septic system had been issued in 1998 for a two-bedroom home and that the septic system was not approved for the property as it existed in 2005. Approval of the septic system was based upon the number of bedrooms on the property. Sellers had hired the man from whom they purchased the property to construct the 120-square-foot guest house, which included a sleeping area and a bathroom. According to Mr. Forte, he had told them they did not need a permit for that size of structure. Sellers had also remodeled the interior of the house, so that it contained three bedrooms instead of two. The septic system was not approved for the guest house and the

2

additional bedroom, and there was not adequate space on the property to expand the leach field so that it could be approved.

In connection with the sale, Sellers completed and delivered to Buyers a property disclosure form as required by the Idaho Property Condition Disclosure Act, I.C. §§ 55-2501 to 55-2518. When completing that form, Sellers answered "No" to the question, "Have any substantial additions or alterations been made without a building permit?"

On October 12, 2007, Buyers filed this lawsuit against Sellers seeking damages for breach of the Disclosure Act, misrepresentation, and breach of contract.[1] They also sought, in the alternative, to have the real estate contract rescinded. The matter was tried to a jury on February 22-26, 2010, on the three theories seeking damages. The jury returned a special verdict finding that Buyers had failed to prove a violation of the Disclosure Act, had failed to prove misrepresentation, and had failed to prove a breach of contract.

On the second day of trial, Sellers moved to prevent Buyers from raising the issue of mutual mistake of fact, which Buyers had apparently discussed in their pretrial brief.[2] The matter was argued, and the district court ruled that Buyers could not present evidence regarding mutual mistake because it had not been pled. On February 25, 2010, and again on March 8, 2010, Buyers moved to amend their complaint to conform to the evidence by adding a request for rescission based upon mutual mistake. On March 8, 2010, Buyers moved to have the real estate contract rescinded, and on August 30, 2010, they moved for a new trial. The district court denied those motions, and Buyers timely appealed.

## II.
### Did the District Court Err in Granting Sellers' Motion In Limine Precluding Evidence of Mutual Mistake?

On the second day of trial, Sellers filed a motion in limine asking that "Plaintiffs not be able to pursue questions or arguments before the court or jury with respect to 'mutual mistake' in this case . . . ." The stated ground for the motion was that mutual mistake was not pled in Buyers' amended complaint. The alleged mutual mistake was apparently that both parties were

---

[1] Buyers filed an amended complaint that simply added as a plaintiff Sunset Pecos Limited Partnership, which was a business entity that they owned.

[2] The brief is not in the record on appeal.

3

unaware of the need for permits with respect to the structures that the Sellers had constructed or remodeled on the real property. During argument on the motion, Buyers' counsel contended that the failure to specifically allege mutual mistake in their amended complaint was simply a typographical error.

To resolve this assignment of error, we need not address whether the district court erred in holding that mutual mistake had not been pled. "The guaranty [in Article 1, § 7, of the Idaho Constitution] that 'the right to trial by jury shall remain inviolate' has no reference to equitable cases." *Christensen v. Hollingsworth*, 6 Idaho 87, 93, 53 P. 211, 212 (1898). A claim of mutual mistake invokes the equitable jurisdiction of the court, 27A Am. Jur. 2d *Equity* § 45 (2008), whether the party alleging mutual mistake is seeking reformation of a document, *Palmer v. Highway Dist. No. 1, Bonner County*, 49 Idaho 596, 599, 290 P. 393, 393 (1930), *Christensen*, 6 Idaho at 91-94, 53 P. at 211-12, or rescission of a contract, *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).

The sole purpose for offering evidence of mutual mistake of fact was to support the equitable remedy of rescission. As Buyers' counsel argued in opposition to the motion in limine, "And if I gather right from [Sellers'] counsel, he wants to prevent us from trying to show that the contract fails, that there's grounds for rescission." Because Buyers would not have been entitled to a jury trial on the issue of mutual mistake, there was no error in refusing to permit them to present evidence in support of that issue during the jury trial. Even had the district court submitted equitable theories to the jury for an advisory verdict, which it did not, the court would still be required to make independent findings of fact and conclusions of law on the equitable theories. *Bach v. Bagley*, 148 Idaho 784, 796, 229 P.3d 1146, 1158 (2010). Because the jury could not decide any issue of mutual mistake, the district court did not err in refusing to permit Buyers to submit such evidence to the jury.

### III.

### Did the District Court Err in Denying Buyers' Motion in Limine?

On the third day of trial, Buyers filed a motion in limine. Although the motion is not in the record on appeal, from the argument on the motion it appears that Buyers sought to exclude any evidence that the Sellers mistakenly believed that any required permits had been obtained on the ground that they did not allege lack of knowledge as an affirmative defense in their answer.

4

Sellers' assertion that they did not know of any problems regarding required permits was not an affirmative defense. "An affirmative defense is '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.' " *Fuhriman v. State, Dept. of Transp.*, 143 Idaho 800, 803, 153 P.3d 480, 483 (2007) (quoting Black's Law Dictionary 186 (2d Pocket ed. 2001)). By offering evidence of their lack of knowledge, Sellers were not raising new facts to defeat Buyers' claim even if the allegations in the amended complaint were true. They were seeking to rebut Buyers' allegations of misrepresentation or concealment of a material fact in order to show that those allegations were not true.

In their amended complaint, Buyers had alleged that Sellers had misrepresented or failed to disclose material facts and had violated the Disclosure Act. To prove misrepresentation, including by concealment, Buyers had to prove that Sellers knew that required permits had not been obtained, *Lettunich v. Key Bank Nat'l Ass'n*, 141 Idaho 362, 368, 109 P.3d 1104, 1110 (2005); *Sowards v. Rathbun*, 134 Idaho 702, 707-08, 8 P.3d 1245, 1250-51 (2000), and to prove a breach of the Disclosure Act, they had to prove that Sellers willfully or negligently violated or failed to perform a duty prescribed by the Act, I.C. § 55-2517. Sellers denied the allegations, and they were permitted to offer evidence rebutting those claims. They were not required to allege, as an affirmative defense, that the allegations in Buyers' amended complaint were false. As the district court stated, "There's a difference between an affirmative defense and denial of averment in a Complaint." The district court did not err in denying Buyers' motion in limine.

## IV.

### Did the District Court Abuse Its Discretion in Denying Buyers' Motion
### to Amend the Amended Complaint to Conform to the Evidence?

On the fourth day of trial, Buyers filed a motion under Rule 15(b) of the Idaho Rules of Civil Procedure to amend their amended complaint to conform to the evidence on the ground that "the evidence at trial demonstrates that the parties were operating under a mutual mistake of fact." In their brief on appeal, Buyers argue: "Plaintiffs filed this motion in an effort to re-open the issue of rescission based on mutual mistake of fact. Had the trial court granted the motion during trial, Plaintiffs would have been free to offer evidence and argument on the theory of rescission by mutual mistake." (Footnotes omitted.)

5

"Although I.R.C.P. 15(b) permits a court to base its decision on a theory fully tried by the parties, an issue not tried either [by] express or implied consent cannot be the basis for the decision." *M. K. Transport, Inc. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). "Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. At least it must appear that the parties understood the evidence to be aimed at the unpleaded issue." *Id.* (quoting *MBI Motor Co., Inc. v. Lotus/East, Inc.*, 506 F.2d 709, 711 (6th Cir. 1974)).

Buyers do not point to anything in the record indicating that mutual mistake was tried with the express or implied consent of both parties. In fact, Buyers admit that they were precluded from offering any evidence at the trial that they purchased the real property under a mistake of fact. In their brief, they state that they filed the motion "so that they could offer their evidence on the issue of rescission by mutual mistake of fact in rebuttal if the motion were granted" and "[h]ad the trial court granted the motion during trial, Plaintiffs would have been free to offer evidence and argument on the theory of rescission by mutual mistake." To establish mutual mistake, "[t]he mistake must be common to both parties." *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008). Buyers have failed to show that the district court abused its discretion in denying their motion under Rule 15(b).

## V.

### Did the District Court Abuse Its Discretion in Failing to Take Judicial Notice of Ordinances and Administrative Rules?

After both parties had rested and the jury was excused for the day, the district court discussed some issues with counsel for both parties. The court then asked, "Anything further?" Buyers' counsel responded by stating: "Yes, Judge. I've asked the Court to take notice of several statutes. IDAPA actually, not a statute."

Earlier that day, Buyers had filed a written request asking the district court to take judicial notice of "the applicable portions of the Kootenai County Building Code Ordinance 221A and the 1997 Uniform Building Code" and "the relevant portions of the IDAPA Rules for Individual and Subsurface Sewage Disposal Systems." Attached to the motion were: (a) a copy of Ordinance No. 221A consisting of twelve pages; (b) a copy of three pages of Chapter 1 of the 1997 Uniform Building Code; and (c) a copy of the Individual/Subsurface Sewage Disposal

6

Rules adopted by the Division of Environmental Quality of the Idaho Department of Health and Welfare, consisting of twenty-four pages. The court asked Sellers' counsel if he had reviewed the request for judicial notice, and he responded that he had just been handed a copy of it.

Buyers' counsel stated that he wanted the court "to take notice and just read the applicable statutes to the jury in the form of an instruction." When the court asked which sections of the materials he wanted read, Buyers' counsel could not identify them because the motion had been prepared by his paralegal. The court then told Buyers' counsel to submit a jury instruction for review to the court's chambers, but Buyers' counsel did not do so.[3] The jury instruction conference was conducted the next morning, but it is not in the record on appeal.

On appeal, Buyers contend that the district court erred because it "never ruled on Plaintiffs' request. Idaho Rules of Evidence Rule 201 would seemingly require that such notice be taken." The district court told Buyers' counsel to submit a jury instruction that included the portions of the ordinances and administrative rules that they wanted presented to the jury and the court would look at it, but Buyers' counsel failed to do so. Thus, the district court was never presented with the issue of whether it should take judicial notice of relevant portions of the ordinances and rules and instruct the jury regarding them. The court did not err in failing to do counsel's work for him.

## VI.

### Did the District Court Err in Denying Buyers' Motion for Rescission?

---

[3] The discussion between the district court and Buyers' counsel was as follows:

> THE COURT: Do you want jury instructions with regard to these issues?
> MR. WHALEN: Frankly, I just—I would ask the Court to take notice and just read the applicable statutes to the jury in the form of an instruction. We've highlighted—I think we've highlighted—
> THE COURT: All right. Which—my copy has no highlighting on it.
> MR. WHALEN: I'm sorry. Here's what I did.
> THE COURT: Which sections would you like to have included as jury instructions?
> MR. WHALEN: Judge, I'd have to say this is tentative. I had my paralegal do this while I was trying the case this morning.
> THE COURT: Well, here's what I'm going to suggest then. I'm going to suggest that if you wish to have a jury instruction made, submit it, fax it to my office, I'll look at it.

On March 8, 2010, Buyers filed a motion for a judgment of rescission. Buyers did not seek to offer additional evidence regarding their request for rescission. In their motion, they stated, "In that the Court reserved ruling on the issue of rescission and elected not to use the jury in an advisory capacity, the time has come for a ruling by the Court on Plaintiffs [sic] request for rescission."

Buyers' motion was argued on June 11, 2010. The district court took the motion under advisement and later issued a written opinion denying the motion for rescission. The court held that after considering the equities, it would not order rescission. The factors listed by the court were that the condition of the real property had declined since 2005, the main complaints regarding the septic system could be remedied, and the Sellers had used the sale proceeds to purchase other real property for their residence.[4] On appeal, Buyers challenge the factors considered by the court in deciding that it would be inequitable to order rescission.

Rescission is an equitable remedy within the discretion of the trial court. *Climax, LLC v. Snake River Oncology of Eastern Idaho, PLLC*, 149 Idaho 791, 794, 241 P.3d 964, 967 (2010); *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008). We need not consider whether the district court abused its discretion in deciding that it would be inequitable to order rescission because Buyers failed to prove any ground for invoking that remedy. Equitable remedies "apply precisely because there is no adequate remedy at law . . . , and because sufficient grounds to invoke equity, such as mutual mistake, fraud, or impossibility, are present." *Holscher v. James*, 124 Idaho 443, 447, 860 P.2d 646, 650 (1993). Rescission cannot be granted if the party seeking that remedy fails to prove a ground for invoking that remedy. *Ervin Constr. Co. v. Van Orden*, 125 Idaho 695, 700, 874 P.2d 506, 511 (1993) ("Rescission is not available, however, where the breach of contract is only incidental and subordinate to the main purpose of the contract."); *Bethlahmy v. Bechtel*, 91 Idaho 55, 68, 415 P.2d 698, 711 (1966) ("No house is built without defects, and defects susceptible of remedy ordinarily would not warrant rescission.").

---

[4] While this case was pending, Sellers obtained an option for an easement on adjoining property to provide room for expanding the septic system. In its initial decision, the district court also stated as a factor the decline in real estate values since the sale of the real property. Buyers filed a motion for reconsideration on the ground that there was no evidence in the record of that decline. The court ruled that even if that were disregarded, it would still find that rescission was inequitable.

In their amended complaint, Buyers alleged three claims against Sellers: (a) that they violated the Idaho Property Condition Disclosure Act; (b) that they misrepresented or concealed material facts; and (c) that they breached the real estate contract. Depending upon the facts, rescission could be an available remedy for each of those claims, although it does not appear from the record that a timely request for rescission was made within the three-day period that a buyer has to rescind a contract under the Disclosure Act based upon a specific objection to a disclosure. *White v. Mock*, 140 Idaho 882, 887, 104 P.3d 356, 361 (2004); I.C. § 55-2515. The jury returned a special verdict finding that Buyers had failed to prove their claim of a violation of the Disclosure Act, had failed to prove their claim of fraud/misrepresentation, and had failed to prove their claim of a breach of contract. Thus, rescission could not be ordered based upon any of those claims.

Buyers assert that rescission should have been ordered based upon mutual mistake of fact. "Under Idaho law, mutual mistake permits a party to rescind or modify a contract as long as the mistake is so substantial and fundamental as to defeat the object of that party." *Primary Health Network, Inc. v. State, Dept. of Admin.*, 137 Idaho 663, 668, 52 P.3d 307, 312 (2002). However, in this case, Buyers did not plead mutual mistake.

The only mention of a mistake in the amended complaint was in paragraph 15 which was in the section of the amended complaint entitled "Second Cause of Action (Misrepresentation/Fraud)." That paragraph stated, "As a direct and proximate result of the misrepresentations and nondisclosures, Plaintiffs have sustained damage, in an amount to be established at trial, based on misrepresentation, concealment, failure of consideration and/or material mistake of fact." Although Buyers' counsel argued to the district court that "material mistake" was a typographical error and that it should have said "mutual mistake," the district court and opposing counsel were entitled to determine the claims pled based upon the actual wording of the amended complaint, not what Buyers' counsel later claimed the wording should have been.

Rescission was only mentioned in the section of the amended complaint entitled "Fourth Cause of Action (Rescission)." It stated: "Plaintiffs did not discover the concealments and misrepresentations by Forte until recently. This complaint shall serve as Plaintiffs' notice of rescission. Plaintiffs are entitled to rescind their contract with Forte and recover the full consideration paid, together with consequential damages to be established at trial." Here,

9

rescission was requested solely with respect to the allegations of misrepresentation and concealment, which were alleged as the "Second Cause of Action" quoted above. There was no request for rescission based upon mutual mistake.

A fair reading of the amended complaint would not give either the district court or opposing counsel the impression that the Buyers were alleging mutual mistake. Because mutual mistake was not pled and Buyers failed to prove the claims that were pled, there was no basis for granting rescission of the real estate contract.[5]

## VII.

### Did the District Court Err in Denying Buyers' Motion for a New Trial?

On August 30, 2010, Buyers filed a motion for a new trial. The motion was heard on November 3, 2010, at which time the district court orally denied the motion on the record, stating its reasons for doing so. The court entered a written order denying the motion on November 30, 2010. Buyers contend that the court erred in denying their motion for a new trial.

Before addressing this issue, it is necessary to mention the requirements for adequately presenting issues on appeal. The argument section of the appellant's brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "We will not consider assignments of error not supported by argument and authority in the opening brief." *Hogg v. Wolske*, 142 Idaho 549, 559, 130 P.3d 1087, 1097 (2006). "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). In addition, "because an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated." *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, ___, 278 P.3d 415, 420 (2012). "This Court will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record." *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004)

---

[5] Buyers did not seek to amend their amended complaint pursuant to Rule 15(a) of the Idaho Rules of Civil Procedure in order to add a claim for rescission based upon mutual mistake. Had they done so, then the district court could have decided whether granting the amendment would prejudice Sellers, cause undue delay, or violate a pretrial order setting a deadline for amending pleadings. *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, No. 38407-2011, 2012 WL 4055357, at *4 & n.3 (Idaho Sept. 14, 2012).

(citations omitted). Finally, "[t]his Court will not consider issues raised for the first time on appeal." *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011).

Buyers' entire argument in support of their contention that the district court erred in denying their motion for a new trial is as follows:

### F. The Trial Court Abused its Discretion in Denying the Plaintiffs a New Trial

Plaintiffs filed a motion for a new trial pursuant to IRCP 59(a). The specific grounds for that motion are recited in the motion (CR 348). Those grounds included irregularity in the proceeding, inadequate damages, insufficiency of the evidence to justify the verdict and error at law.

The jury awarded no damages to Plaintiffs even though the jury found that Plaintiff could have mitigated their damages for $35,000.00. The jury also found Plaintiffs comparatively at fault for their losses.

It became apparent that the jury struggled over the issue of mitigation of damages. The jury sent a note to the trial court regarding the mitigation issue.

Plaintiffs had made no election of remedies by the time the jury verdict came in—and the trial court required no election.

Plaintiffs' motion for judgment of rescission was summarily denied by the trial court without any findings supported by the record in the action. This was so even though the trial court found a prima facie case.

Plaintiffs' expert witness was excluded from testifying in accordance with Defendants' Motion in Limine (TT 8-20). The expert was again offered in rebuttal but was excluded by the trial court (TT 823-832).

The trial court also barred Plaintiffs from developing their theory of rescission by mutual mistake of fact.

Additionally, the deposition testimony and discovery responses of both Suzanne Forte and Paul Forte was different than their trial testimony.

Also, Plaintiffs were barred from discussing rescission during their opening argument and barred from discussing mutual mistake during the entire trial.

It is anticipated that a different jury and trial court would reach a different decision in the case if a new trial were granted.

A new trial is warranted where the jury's determination of damages appears to have resulted from passion or prejudice. *Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 245 P.3d 992 (2010).

In exercising its discretion to grant or deny a new trial, the trial court may set aside a verdict whenever it appears that the verdict is contrary to law or evidence or that verdict fails to render substantial justice. *Rosenberg v. Toetly*, 93 Idaho 135, 456 P.2d 779 (1969).

11

Buyers have wholly failed to comply with Idaho Appellate Rule 35(a)(6) with respect to this assignment of error. There is no citation to the record for many of the alleged facts, and there is neither argument nor supporting authority as to why any of the alleged facts constitutes a ground for a new trial or why the district court abused its discretion in failing to grant the motion for a new trial. Buyers have therefore waived the issue.[6]

## VIII.

### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Buyers seek an award of attorney fees on appeal "in accordance with Idaho Code § 12-120 and the contract between the parties (Trial Exhibit 2)." Because Buyers have not prevailed on appeal, they are not entitled to an award of attorney fees.

Sellers request an award of attorney fees on appeal on several grounds, including the terms of the real estate contract, which states:

> ATTORNEY'S FEES: If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees, including such costs and fees on appeal.

In an action for misrepresentation in connection with the sale of real property, attorney fees on appeal may be awarded to the prevailing party pursuant to a real estate contract. *Lindberg v. Roseth*, 137 Idaho 222, 233, 46 P.3d 518, 529 (2002). As the prevailing party on appeal, Sellers are entitled to an award of attorney fees pursuant to the real estate contract.

## IX.

### Conclusion.

---

[6] In addition, the record on appeal is not adequate to determine whether a new trial should have been granted based upon insufficiency of the evidence to justify the verdict. The record on appeal does not include either the jury instructions or a transcript of the jury instruction conference. A party cannot raise on appeal the giving of a jury instruction that misstates the law unless the party timely objected to the specific instruction on the record, stating the grounds of the objection. *Chapman v. Chapman*, 147 Idaho 756, 761-62, 215 P.3d 476, 481-82 (2009); I.R.C.P. 51(a)(1) & (b). A party who fails to properly object to an instruction that misstates the law cannot circumvent Rule 51(b) by arguing insufficiency of the evidence, based upon a correct statement of the law. In such a case, the sufficiency of the evidence must be determined based upon the jury instructions given, not upon those that should have been given.

We affirm the judgment of the district court and the court's denial of the motion for a new trial. We award respondents costs on appeal, including reasonable attorney fees.

Chief Justice BURDICK and Justices J. JONES, W. JONES and HORTON **CONCUR**.