HORTON, J.,
specially concurring.
I join in the decision of the Court, save for Part V(B), relating to judicial notice of the transcript of the adjudicatory hearing. Although I concur in the result reached in that section of the Court’s opinion, I cannot join in the Court’s reasoning.
Rule 201, Idaho Rules of Evidence (Rule 201), “governs only judicial notice of adjudicative facts.” I.R.E. 201(a).
Black’s Law Dictionary defines an adjudicative fact as “a controlling or operative fact, rather than a background fact; a fact that concerns the parties to a judicial or administrative proceeding and that helps the court or agency determine how the law applies to those parties. For example, adjudicative facts include those that the jury weighs.” Black’s Law Diotionaey 610 (7th ed.1999).
State v. Lemmons, 158 Idaho 971, 978, 354 P.3d 1186, 1193 (2015) (W. Jones, J., specially concurring).
Rule 201(b) describes the kind of adjudicative facts of which a court may take judicial notice: “A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.”
There is simply no basis for concluding that the transcript, in itself, constitutes an adjudicative fact. Instead, it is a verbatim account of testimony in a prior proceeding. Although the document may contain evidence from which a factual determination may be derived, the document does not, in itself, prove any particular fact. Further, this Court *164 has no basis for deciding whether the transcript contains information “not subject to reasonable dispute,” as required by Rule 201(b). That is because the transcript in question is not part of the record on appeal. This comes as no surprise, as the trial judge’s findings of fact and conclusions of law explicitly noted that a copy of the transcript “was not entered into evidence.”
The Court’s decision rests upon the mandatory language found in Rule 201(d). This begs the question, if a transcript does not constitute an adjudicative fact, what do the references to “judicial notice of records, exhibits or transcripts from the court file in the same or separate case” found in Rules 201(c) and 201(d) relate to? The answer is not to be found in the text of the Rule. Instead, it is found in the material presented to the Court prior to its amendment of the Rule in 2007. The draft amendments to the Rule, which the Court adopted without changes, were accompanied by an explanation of the purpose for the amendments. That explanation follows in its entirety:
Excerpt from minutes of the Appellate Rules Advisory Committee Meeting of January 19, 2007.
“Judicial Notice. The Office of the SAPD brought up the issue of taking judicial notice of underlying criminal files in post-conviction eases. In many cases the court is just asked or on its own takes judicial notice of the file without specifying which documents in the file are really being noticed. This presents a problem on appeal because even if the criminal case was appealed to the Supreme Court the file retained by the Supreme Court does not contain any exhibits from the criminal case. Those are returned to the district court. If the criminal case was not appealed the district court clerk is hesitant to attach the original criminal file as an exhibit to the post-conviction record. The parties should be offering documents or transcripts from the criminal case to the district court as exhibits to the post-conviction case and if it is a pro se applicant the burden is on the state to do this.
The Committee decided that this was more an evidentiary problem that should be dealt with by a rule of evidence requiring that the parties shall designate what portions of the file it is requesting the court to take notice of and the court shall specify what portions of the file it is noticing. Judge Lansing, who chairs the Evidence Rules Advisory Committee, agreed to ask the members of that committee to consider an amendment and to circulate the proposal by ballot so it could be addressed in July 2007.”
It is clear that the purpose of the amendment was to address a problem with the quality of the record on appeal in post-conviction relief proceedings, not to substantively modify the rule as to the types of adjudicative facts which are properly subject to judicial notice. Thus, I conclude that subsection (b) of the Rule defines the type of adjudicative facts of which a court may properly take judicial notice and subsections (c) through (g) establish the procedures governing taking judicial notice. Subsections (c) and (d) do not trump or supersede subsection (b); rather, they complement subsection (b) and provide a mechanism for creating a record for appellate review when courts look to records of proceedings in the same or related cases when making a decision. For that reason, I believe that the trial court erred when it agreed to take judicial notice of the transcript for the purpose of establishing the factual basis for its earlier holding “that [Child] fell within the jurisdiction of the Child Protection Act.”
I concur in the result, however, because Mother has not shown that the error relating to the transcript resulted in prejudice to a substantial right. Two aspects of Rule 103, I.R.E. are implicated by Mother’s claim in this appeal. The first is Rule 103(a), I.R.E., captioned “Effect of erroneous ruling,” which explicitly provides that “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.” The second aspect is Rule 103(a)(1), I.R.E., which additionally requires that “the specific ground of objection” must be specified in opposition to the admission of evidence.
The requirement that a substantial right of a party be affected as a prerequisite to a *165 claim of error places a burden on an appellant to “present argument and authority, in their opening brief, that a substantial right has been affected by the improper admission” of evidence. Mulford v. Union Pac. R.R., 156 Idaho 134, 140, 321 P.3d 684, 690 (2014) (citing Bolognese v. Forte, 153 Idaho 857, 866, 292 P.3d 248, 257 (2012)). The failure to advance argument and authority on the effect of a claimed evidentiary error on a substantial right results in a waiver of the claim on appeal. Hurtado v. Land O’Lakes, Inc., 153 Idaho 13, 18, 278 P.3d 415, 420 (2012). Although Mother has identified an evidentiary error by the trial court, her opening brief is silent as to the impact of that error on a substantial right.
The absence of such argument is understandable. In response to the prosecutor’s request that the trial court take judicial notice of the transcript, Mother’s trial counsel responded: “I have no objection as to the State [sic] taking judicial notice that they found that the State had proved by a preponderance of the evidence that [Child] fell within the jurisdiction of the Child Protection Act.”[1] Although the trial court then ruled that judicial notice of the transcript would be taken for purposes of establishing the facts underlying that holding, the findings of fact and conclusions of law reflect that the trial court did not, in fact, look to the transcript for that purpose:
An adjudicatory hearing to determine whether or not [Child] fell within the jurisdiction of the Child Protective Act was held on July 11, 2014. Following testimony of several witnesses, it was determined by a preponderance of the evidence that [Child] did fall within the jurisdiction. The State, at the beginning of the termination trial, asked the Court to take judicial notice of the findings from the adjudicatory hearing, specifically as stated in the certified transcript of that hearing from page 130, line 20 through page 136, line 8 (a transcript which was prepared for and lodged in [the criminal case], but a copy was not entered into evidence in this matter). Counsel for CASA and counsel for the father had no objection to this procedure, and counsel for mother had no objection in that by a preponderance of evidence the child was found to be within the jurisdiction of the Act. Accordingly, the Court has reviewed the transcript_As a result of the adjudicatory hearing, [Child] was found to be within the jurisdiction of the Act, and was placed in the legal custody of the Department of Health and Welfare.
In short, the trial court ignored its earlier ruling and considered the transcript solely for the purpose which Mother’s attorney had stipulated. In the absence of an objection to the trial court’s consideration of the transcript for this purpose, the claimed error was waived.
For these reasons, I concur in the result reached by the Court in Part V(B) of its opinion.
Chief Justice J. JONES, Justices EISMANN and BURDICK concur.

. It is evident that the trial court’s determination "that the State had proved by a preponderance of the evidence that [Child] fell within the jurisdiction of the Child Protection Act" was not an "adjudicative fact" for purposes of the termination trial. That determination did not contribute to the trial court's conclusion that Mother was unable to discharge her parental responsibilities to Child and that Mother had neglected Child.