# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39033/39034/39035/39036

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant-Cross Respondent, | ) | |
| | ) | Boise, February 2013 Term |
| v. | ) | |
| | ) | 2013 Opinion No. 118 |
| DONALD MICHAEL KEITHLY, | ) | |
| | ) | Filed: November 26, 2013 |
| Defendant-Respondent-Cross Appellant. | ) | |
| _____ | ) | Stephen Kenyon, Clerk |
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YVETTE DAVIS, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| _____ | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK COWLES, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| _____ | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SMITH, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of

1

Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge.

Appeal dismissed for mootness and district court's order denying award of attorney fees is affirmed.

Valley County Prosecuting Attorney, Cascade, for appellant. Jay Kiiha argued.

Moore Smith Buxton & Turcke, Chtd., Boise, for respondent. Paul J. Fitzer argued.

_____

HORTON, Justice.

This appeal relates to the service of four members of the Board of Directors for the Southern Valley County Recreation District (the Recreation District). The Valley County Prosecuting Attorney (the State) brought usurpation actions against Donald Keithly, Yvette Davis, Patrick Cowles, and Michael Smith (the Directors), alleging they usurped their offices as directors of the Recreation District. The State requested they be removed from office and sought a $5,000 fine against each of them. Upon the parties' cross-motions for summary judgment, the district court ruled that this action was an election contest, rather than a usurpation action, which cannot be brought by the State. The district court also ruled that the Directors' actions while in office were protected by the *de facto* officer doctrine. The State appeals, arguing this was a proper usurpation action and the *de facto* officer doctrine does not apply. The Directors cross-appeal, arguing they are entitled to attorney fees pursuant to I.C. § 12-117 and I.R.C.P. 11(a)(1). We dismiss the appeal for mootness. As to the cross-appeal, we affirm the district court's order denying attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Recreation District was formed in 1998 and the original directors were appointed by then-Governor Phil Batt. The Board consists of three directors, each representing a separate subdistrict. The directors are unpaid and serve four year terms beginning January 1 in the year following their election. I.C. § 31-4305. From the time of the Recreation District's creation until 2009, I.C. § 31-4306(1) provided that directors would be elected in the elections conducted in November of odd-numbered years. In 2009, I.C. § 31-4306(1) was amended to provide for election of directors in general elections conducted in November of even-numbered years. 2009 Idaho Sess. L. ch. 341, § 19, p. 993.

2

Yvette Davis was a member of the Recreation Board from its inception until she was defeated in an election in May of 2011.[1] Prior to that election, there had never been a contested election for a position on the Recreation Board. When a candidate for subdistrict director runs unopposed, it is not necessary to hold an election. Rather, pursuant to I.C. § 31-4306(2), if there is no other qualified candidate and no one has filed a declaration of intent to pursue a write-in candidacy at least 25 days in advance of the election, the election is canceled and the unopposed candidate is declared elected to the Board. By this manner, Davis was elected in 2002 and 2007. However, there were several procedural defects in those elections and the elections of other board members.

In the November election in 2006, the Recreation District did not publish a Notice of Election Filing Deadline, which the county clerk must publish between fourteen and seven days before the election. Recognizing the error, the election for subdistrict 3 was rescheduled to February 6, 2007. Notice was properly given, but the wrong position was listed in the notice. Rather than list "director" of the Recreation Board, the notice listed the position as "president" of the Recreation Board. Davis ran unopposed and was declared elected.

The election errors were not limited to Davis. In 2008, the election for subdistricts 1 and 2 was conducted in November. The Notice of Filing Deadline was timely published in the local newspaper. However, that notice did not specify that seats for both subdistricts 1 and 2 were available. The notice simply stated that "declarations of candidacy for the office of Board of Directors of the Southern Valley County Recreation District must be filed . . . no later than 5:00 p.m. on the 1st day of September, 2008." Only two people filed declarations of candidacy, Jim Roberts and Michael Smith. Smith declared for subdistrict 1 and Roberts for subdistrict 2. Pursuant to I.C. § 31-4306(2), the election was canceled and Smith and Roberts were declared elected. The notice of cancellation properly identified the subdistricts.

---

[1] The election was originally scheduled for February, 2011. This was based upon the Recreation District's lack of awareness that the Legislature had amended I.C. § 34-106 to abolish February elections. 2009 Idaho Sess. L. ch. 341, § 55, p. 1030. The Recreation Board declared that Davis' term expired effective January 1, 2011. The Board then appointed Davis to fill the vacancy created by the expiration of her term of office until an election could be held in May. In doing so, the Board erroneously relied upon I.C. § 31-4305, which provides that "[a]ny vacancy occurring in the office of director, *other than by expiration of the term of office*, shall be filled by appointment by the board for the unexpired term." (emphasis added). The "recreation district law," *see* I.C. § 31-4301, does not contain a provision addressing vacancies created by the expiration of the term of office. Thus, the vacancy was governed by I.C. § 59-912 which provides that when "no mode is provided by law for filling such vacancy, the governor must fill such vacancy by appointment."

Jim Roberts resigned prior to the completion of his term. As previously noted, when there is a vacancy not resulting from the expiration of a term of office, the vacancy is filled by the remaining board members. I.C. § 31-4305. Roberts was replaced by Sue Patterson, who was appointed to serve out the remainder of Roberts' term. However, she also resigned prior to completing the term. Pat Cowles was then appointed to the Board for the subdistrict 2 position in May of 2010 to serve out the term. He was appointed by Davis and Smith. Smith resigned in February of 2011, and Keithly was appointed to serve the remainder of his term. Keithly was appointed by Davis and Cowles. It is unclear from the record when Keithly and Cowles left office, but they no longer sit on the Recreation Board. Thus, none of the Directors currently sit on the Board.

The State brought usurpation actions against Davis, Smith, Keithly, and Cowles requesting they be declared usurpers, removed from office, and fined up to $5,000. The Directors and the State filed cross-motions for summary judgment. The district court granted the Directors' motion for summary judgment. The court held that this action was an election contest rather than a usurpation action and that the State did not have standing to bring the action. The court also determined that the *de facto* officer doctrine validated the Directors' official actions while in office. The district court denied the Directors' request for an award of attorney fees pursuant to I.C. § 12-117, stating that it was unable to find that the action was initiated without a reasonable basis in fact or law. The State appeals, arguing this action was properly brought as a usurpation action. The Directors cross-appeal, asserting that the district court erred by failing to award them attorney fees incurred in the defense of this action.

## II. STANDARD OF REVIEW

"This Court may only review cases in which a judicial determination will have a practical effect on the outcome." *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006). A district court's application of I.C. § 12–117 is reviewed for an abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). We have described the standard of review of a discretionary decision of the trial court as follows:

> Our inquiry is: (1) whether the trial judge correctly perceived the issue as one of discretion; (2) whether the trial judge acted within the outer boundaries of his or her discretion and consistently with the legal standards applicable to the specific available choices; and (3) whether the trial judge reached his or her decision by an exercise of reason.

4

*Hudelson v. Delta Int'l Mach. Corp.*, 142 Idaho 244, 248, 127 P.3d 147, 151 (2005) (citing *Karlson v. Harris*, 140 Idaho 561, 568, 97 P.3d 428, 435 (2004)).

### III. ANALYSIS

**A. The State's appeal must be dismissed as moot.**

In *Edwards v. Mortg. Elec. Registration Sys., Inc*., 154 Idaho 511, ___, 300 P.3d 43, 47 (2013), we explained the doctrine of mootness:

> "An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851, 119 P.3d 624, 626 (2005). The issue of mootness can be raised at any time, including for the first time on appeal. *McLean v. Cheyovich Family Trust*, 153 Idaho 425, 431, 283 P.3d 742, 748 (2012). "Mootness ... applies when a favorable judicial decision would not result in any relief. This Court may only review cases in which a judicial determination will have a practical effect on the outcome." *Fenn v. Noah*, 142 Idaho 775, 779, 133 P.3d 1240, 1244 (2006).

Idaho Code § 6-602 provides that usurpation actions may be brought by a prosecuting attorney (or the attorney general, when the position relates to the state) or an individual claiming entitlement to hold office. Idaho Code §§ 6-605 and 6-606 provide the remedies available to individual plaintiffs. Idaho Code § 6-608 provides as follows:

> When a defendant against whom such action has been brought is adjudged guilty of usurping or intruding into or unlawfully holding any office, franchise or privilege, judgment must be rendered that such defendant be excluded from the office, franchise or privilege, and that he pay the costs of the action. The court may also, in its discretion, in actions to which the people of the state are a party, impose upon the defendant a fine not exceeding five thousand dollars, which fine, when collected, must be paid into the treasury of the state.

In this case, no defendant remains in office. Consequently, no defendant may be found to be "usurping or" "unlawfully holding office" which would trigger the district court's obligation to "exclude" them from office, impose a fine, or to pay the costs of the action. As the district court is without power to grant affirmative relief against any defendant, this action is moot.

**B. The Directors are not entitled to attorney fees.**

    1.   Attorney fees under I.C. § 12-117.

The Directors argue that they are entitled to attorney fees incurred before the trial court and on appeal pursuant to I.C. § 12-117(1) because the State brought this action without a reasonable basis in fact or law or a reasonable extension thereof. Although the Directors assert that this Court exercises free review of a trial court's decision whether to award attorney fees

pursuant to I.C. § 12-117, shortly before their brief was filed, this Court noted its inconsistent approach to the standard of review and determined that future appeals would apply an abuse of discretion standard to such decisions. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012).

The district court stated that it was "declining to grant attorney's fees," suggesting that it recognized that the decision was committed to its discretion. The court stated that it was unable to find that the action was initiated without a reasonable basis in fact or law. This is a recitation of the standard that we have applied to a request for attorney fees under I.C. § 12-117. *Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008). The decision was within the boundaries of the court's discretion. The district court explained that its decision was based upon the prosecutor's duty to pursue a usurpation action and that the action was initiated due to irregularities occurring over four election cycles, although the district court differed with the State as to whether the irregularities were substantial or *de minimis.* As the district court's decision was the product of reason, we affirm the decision to deny the Directors' request for attorney fees.

As to this appeal, although the Directors have prevailed because we dismiss the appeal on grounds of mootness, we are unable to conclude that this appeal was not reasonably grounded in law or fact. Accordingly, we deny the Directors' request for an award of attorney fees on appeal.

2. <u>The Directors are not entitled to attorney fees under I.R.C.P. 11(a)(1).</u>

The Directors argue that they are entitled to attorney fees under I.R.C.P. 11(a)(1) because the State brought this action without foundation in law. First, we note that on appeal the governing rule is I.A.R. 11.2, not I.R.C.P. 11(a)(1). *See Campbell v. Kildew*, 141 Idaho 640, 651, 115 P.3d 731, 742 (2005). Pursuant to that rule, this Court may, *sua sponte*, award attorney fees if we deem it appropriate. I.A.R. 11.2. However, I.A.R. 11.2 and I.R.C.P. 11(a)(1) have the same purposes in the proceedings to which they apply. Rule 11 sanctions are not intended to replace statutes providing for attorney fees. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 95-96, 803 P.2d 993, 1001-1002 (1991); *Landvik by Landvik v. Herbert*, 130 Idaho 54, 61, 936 P.2d 697, 704 (Ct. App. 1997). Rather than a means for a broad compensatory award for attorney fees, I.R.C.P. 11(a)(1) is a court-management tool, meant to focus on discrete pleading abuses or other types of litigation misconduct. *Kent v. Pence*, 116 Idaho 22, 23, 773 P.2d 290, 291 (Ct. App. 1989).

Here, the Directors are seeking to use Rule 11(a)(1) as an alternative to I.C. § 12-117 under the theory that because the State brought this action without legal basis the Directors should be awarded the legal fees incurred in defending this action. I.A.R. 11.2 does not function that way.

Further, "fees will not be awarded under Rule 11.2 unless the Court can conclude that 'the appeal was interposed for an improper purpose.' " *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, ___, 297 P.3d 1134, 1147 (2013) (quoting *Funes v. Aardema Dairy*, 150 Idaho 7, 13, 244 P.3d 151, 157 (2010)). We are unable to discern an improper purpose underlying this appeal. Accordingly, we decline to award attorney fees under I.A.R. 11.2.

## IV. CONCLUSION

This appeal is dismissed. No attorney fees or costs are awarded.


Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.

7